# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristopher D. Paul, | No. CV 10-0252-PHX-JAT (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| P. Gartland, et al., | |
| Defendants. | |

Plaintiff Kristopher D. Paul, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma,[1] filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 5.) Plaintiff has filed a First Amended Complaint. (Doc.# 7.) Plaintiff has also filed motions to correct the case number used in one of his filings and for appointment of counsel. (Doc.# 9-11.) The Court will deny Plaintiff's motions and will order Defendant Maize to answer Count I (in part) of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] The Arizona Department of Corrections (ADC) contracts with the Oklahoma Department of Corrections to house some Arizona inmates.

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. First Amended Complaint

Plaintiff alleges two counts claiming denial of constitutionally adequate medical care. Plaintiff sues the Director of the Arizona Department of Corrections (ADC), Charles Ryan. He also sues the following ADC employees: ADC contract monitor, Randy Mowen; Dr. Stroft; and Warden Gallager (Florence West). Plaintiff also sues following employees at the Great Plains Correctional Facility (GPCF): Acting Warden, P. Gartland; Facility Health Administrator (FHA) M. Maize; Drs. Holly and Petry; and Corrections Officer Wedman. Plaintiff seeks injunctive, compensatory, and punitive relief.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state

law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Ryan, Gartland, Mowen, and Gallager

As noted above, Plaintiff sues ADC Director Ryan, Acting Warden Gartland, ADC contract monitor Mowen, and ADC Warden Gallager. While each of the Defendants may be sued for federal constitutional or statutory violations under § 1983, Plaintiff fails to state a claim against any of them.

To state a claim against a defendant, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that Ryan, Gartland, Mowen, and Gallager are liable solely based on *respondeat superior*. As stated above, liability under § 1983 may not be predicated upon *respondeat superior*. Accordingly, these Defendants will be dismissed.

### B. Medical Care

In both counts, Plaintiff alleges that he received constitutionally deficient medical

care. Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must allege facts to support that a defendant acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by alleging facts to support that failure to treat a condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) that the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or the lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corr., 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A difference in medical opinion also does not amount to deliberate indifference. See Toguchi, 391 F.3d at 1058. Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Id. Similarly, differences

in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

### 1. Count I

In Count I, Plaintiff alleges the following facts: In May 2008, Dr. Stroft palpated Plaintiff's lower right abdomen after Plaintiff complained of severe pain in the area. Dr. Stroft assured Plaintiff that nothing was wrong.

On December 10, 2008, Plaintiff was transferred to GPCF, where he continued to get sharp abdominal pains. On April 9, 2009, Plaintiff was examined by Dr. Petry, who told Plaintiff that he might have a hernia. On June 6, 2009, Plaintiff was examined by Dr. Holy, who also palpated the area. On June 24, 2009, Dr. Holy informed Plaintiff that he might have a hernia or tumor and ordered an MRI, which was performed on August 17, 2009. On December 4, 2009, Dr. Petry informed Plaintiff that nothing was wrong. Plaintiff later learned that Dr. Petry noted in Plaintiff's medical records that he had an abdominal tear. On March 24, 2010, Dr. Holy informed Plaintiff that he had a hernia with adhesions. Dr. Holy sought authorization from FHA Maize for surgery, but authorization was denied. (Doc.# 7 at 3A.)

Plaintiff fails to state a claim against Drs. Stroft, Petry, or Holy. Dr. Stroft's alleged failure to detect a hernia in 2008 constitutes no more than negligence. Plaintiff alleges that Dr. Petry told him that nothing was wrong, while noting that Plaintiff had an abdominal tear in Plaintiff's records. Absent additional facts, Plaintiff at most only alleges negligence against Petry. Plaintiff acknowledges that Dr. Holy ordered an MRI performed and sought authorization for surgery. Plaintiff fails to allege even negligence against Holy. Count I will be dismissed against these Defendants.

### 2. Count II

In Count II, Plaintiff alleges the following facts: On December 10, 2008, Plaintiff

arrived at GPCF. Upon Plaintiff's arrival, Defendant Wedman swabbed one of Plaintiff's arms with alcohol, but then extracted blood from the opposite arm. On April 9, 2009, Plaintiff learned that he had been diagnosed with Hepatitis C. Plaintiff contends that he contracted Hepatitis C when Wedman extracted blood from the arm that had not been sterilized. Plaintiff has received three injections to treat his Hepatitis C. Plaintiff alleges physical and mental pain resulting from the Hepatitis C.

While Plaintiff sufficiently alleges that he has a serious medical need, he fails to allege facts to support that any exposure to Hepatitis C purportedly caused by Wedman was anything other than negligent. Therefore, Plaintiff fails to state a claim against her. Plaintiff otherwise fails to allege facts in Count II to support that any other Defendant in any way acted with deliberate indifference. For these reasons, Count II will be dismissed for failure to state a claim.

### IV. Claims for Which an Answer Will be Required

In Count I (in part), Plaintiff alleges that FHA Maize denied authorization for surgery recommended by Dr. Holy. Maize will be required to respond this portion of Count I.

### V. Pending Motions

As noted above, Plaintiff has filed a motion to correct the case number caption he used on his First Amended Complaint. (Doc.# 9.) Specifically, Plaintiff used the caption "CIV 10 252 PHX JAT EVC" rather than "CIV 10 252 PHX JAT ECV." Despite the error, the First Amended Complaint was filed in Plaintiff's case. Therefore, the Court will deny the motion as moot.

Plaintiff has also filed two motions for the appointment of counsel and to ensure service on Defendants. (Doc.# 10, 11.) Because Plaintiff has been granted leave to proceed *in forma pauperis*, the United States Marshal's Service will be required to serve the First Amended Complaint on the specified Defendants, rendering that part of Plaintiff's motions

moot.[2]

Plaintiff seeks the appointment of counsel because he is receiving strong medication, lacks access to legal resources, and is unable to telephone attorneys. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017. Plaintiff's assertions do not establish the existence of exceptional circumstances and Plaintiff appears able to articulate his claims in light of complexity of the legal issues involved. Plaintiff's motions to appoint counsel will be denied.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

/ / /

---

[2] Plaintiff expresses particular concern regarding service on Defendant Mowen because he has retired and moved. Because Plaintiff fails to state a claim against Mowen, these concerns are moot.

- 7 -

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts I (in part) and II are **dismissed** without prejudice.

(2)     Defendants Ryan, Gartland, Mowen, and Gallager are **dismissed** without prejudice.

(3)     Defendant Maize must answer Count I (in part).

(4)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 7), this Order, and both summons and request for waiver forms for Defendant Maize.

(5)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7)     The United States Marshal must retain the Summons, a copy of the First

Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that

does not identify the specific Defendant by name on whose behalf it is filed.

(12) Plaintiff's motions to correct caption and for appointment of counsel are **denied**. (Doc.# 9-11.)

(13) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of May, 2010.

_____
James A. Teilborg
United States District Judge